IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| GERALD HERMAN, | * |
| Plaintiff, | * |
| v. | *   CIVIL NO.: WDQ-06-3081 |
| HAROLD E. GROOVER, ET AL., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Gerald Herman sued Harold Groover and Transport Corporation of America, Inc., ("TCA") for injuries incurred in an accident with a TCA vehicle driven by Groover.  Pending is Groover's motion to dismiss for failure to effect timely service.  For the reasons discussed below, the motion will be granted.

I.   Background

On October 19, 2006, Herman sued the defendants in the Circuit Court for Baltimore City for the May 18, 2005 accident. On November 10, 2006, TCA was served and on November 22, TCA filed a timely Notice of Removal.

On May 18, 2007, Groover filed the motion to dismiss and on June 13 he was served by certified mail.  On June 22, Groover filed a Notice of Intent to join TCA's Notice of Removal.

1

II.  Analysis

Groover argues that Herman failed to serve him within the required time, citing Maryland Rule of Civil Procedure 2-507(b) and Federal Rule of Civil Procedure 4(m).  "Rule 4(m) governs cases originally filed in federal courts, and applies to removed cases *after* the date of removal."  *Eccles v. National Semiconductor Corp.*, 10 F.Supp.2d 514, 519 (D. Md. 1998) (emphasis added).  Accordingly, "Rule 4(m)'s 120-day period for service begins to run on the date of removal."  *Id*.  State law, however, "governs the sufficiency and service of process *before* removal."  *Id*. (emphasis added).  Accordingly, once removal has occurred, but service has not, Rule 4(m) applies.  *See Vasquez v. North County Transit Dist.*, 292 F.3d 1049, 1053 n.3 (9th Cir. 2002) (service may be effected under Rule 4(m) when service not effected before removal); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121-22 (7th Cir. 2001) (state procedural rules--not Rule 4(m)--apply when service is effected before removal); *Carden v. Evenflo Co., Inc.*, 2003 WL 22056644 (D. Md. 2003) (applying Rule 2-507 to challenge of pre-removal service).

Under Rule 4(m), Herman had "120 days after removal to effect any necessary service of process."  *Id*. at 520; Fed. R. Civ. P. 4(m).  As the case was removed on November 22, 2006, The deadline for service under Rule 4(m) was March 22, 2007; Herman failed to meet this deadline.  Rule 4(m) mandates "a showing of

'good cause' before an extension can be granted," *Hoffman v. Baltimore Police Dept.*, 379 F.Supp.2d 778, 786 (D. Md. 2005) (*citing Mendez v. Elliot*, 45 F.3d 75 (4th Cir. 1995)), even though "judges in this district . . . have questioned the continuing vitality of the *Mendez* decision."  *Id*.

"Good cause includes reasonable diligent efforts to effect service, and inadvertence or heedlessness will not suffice." *Knott v. Atlantic Bingo Supply, Inc.*, 2005 WL 3593743, *1 (D. Md. 2005) (quotations omitted).  Herman asserts that in interrogatories served on TCA on December 6, 2006, he requested an address for Groover.  At some point not clear from the record, TCA provided to Herman a P.O. Box for Groover, who as of May 23, 2007, was still attempting to serve Groover.  Herman succeeded on June 13.  The difficulty in obtaining Groover's address, Herman's efforts to effect service, and his eventual service are sufficient to demonstrate the good cause required for an extension of time under Rule 4(m).

This does not end the inquiry, however, as Herman must also explain his failure to move for an extension.  That is, the extension itself is governed by the good cause standard of Rule 4(m), but the failure to request that extension within the 120 day period is governed by Rule 6(b)'s excusable neglect standard. *Burns & Russell Co. of Baltimore v. Oldcastle, Inc.*, 166 F.Supp.2d 432, 438-39.  Herman never moved for an extension of

3

time and has not explained his failure to do so.  Therefore, he has not demonstrated excusable neglect.  Accordingly, the motion to dismiss will be granted.

III. Conclusion

For the reasons discussed above, the motion to dismiss will be granted.


<u>July 13, 2007</u>          <u>        /s/                    </u>
Date                                 William D. Quarles, Jr.
                                   United States District Judge