```
         IN THE UNITED STATES DISTRICT COURT FOR
       THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
GERALD HERMAN,                  *

     Plaintiff,                 *
                                     CIVIL NOS.: WDQ-06-3081
          v.                    *                WDQ-07-1992
                                                 CONSOLIDATED
TRANSPORT CORP. OF AMERICA      *
AND HAROLD E. GROOVER,
                                *
     Defendants.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Gerald Herman sued Transport Corp. of America ("Transport") and Harold E. Groover for negligence. Pending are Defendants' motion to consolidate and motion for summary judgment. For the following reasons, Defendants' motion to consolidate will be granted and Defendants' motion for summary judgment will be denied.

I. Background

On April 19, 2005, Herman filed a voluntary Chapter 7 bankruptcy petition. On May 18, 2005, Herman alleges that Groover negligently collided with Herman's vehicle, causing Herman to be injured. Compl. ¶¶ 1-2. Groover was operating a vehicle owned by Transport. *Id.* ¶ 3. On May 23, 2005, Herman attended his 11 U.S.C. § 341(a) creditors meeting and confirmed the substance of his bankruptcy petition and schedule of assets.

1

The same day, Herman retained counsel for his personal injury claim, and his attorney forwarded a letter of representation to Transport.  On May 26, 2005, Transport responded that it was not accepting liability for the accident.  Herman's Chapter 7 bankruptcy petition was discharged on July 25, 2005.

On October 19, 2006, Herman sued Defendants in the Circuit Court for Baltimore City.  Transport removed the case to this Court on November 20, 2006.  After Groover was dismissed from the action for Herman's failure to serve process, Herman sued Groover in this Court on June 25, 2007.

II. Analysis

A. Motion to Consolidate

Under Rule 42, a federal court may consolidate for trial any pending actions involving common questions of law or fact.  Fed. R. Civ. P. 42(a).  Defendants argue that Herman's claims arise from the same accident and involve common questions of law and facts.  The facts and claims raised in the two complaints are nearly identical and Herman does not object to the consolidation of the two actions.  Accordingly, Defendants' motion to consolidate will be granted.

B. Motion for Summary Judgment

1. Standard of Review

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is

entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court must view the facts and reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)).  The opposing party, however, must produce evidence upon which a reasonable fact finder could rely.  *Celotex*, 477 U.S. at 324.  The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment.  *Anderson*, 477 U.S. at 252.

2. Judicial Estoppel

Defendants argue that summary judgment should be granted on Herman's suit because he is judicially estopped from pursuing a negligence suit against them.  Specifically, Defendants contend that because Herman did not disclose his personal injury claim at his Chapter 7 creditors meeting or as an asset in his bankruptcy petition, he is estopped from bringing that claim in this Court.  Herman disagrees, arguing that he was not obliged to inform his bankruptcy trustee or creditors of a claim that arose after he commenced his bankruptcy case.

3

Judicial estoppel is an equitable doctrine that prevents litigants from playing "fast and loose" with the courts and protects the integrity of the judicial process. *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 (4th Cir. 1982). For judicial estoppel to apply, four criteria must be met:

> (1) the party to be estopped must be advancing an assertion that is inconsistent with a position taken during previous litigation; (2) the position must be one of fact, rather than law or legal theory; (3) the prior position must have been accepted by the court in the first proceeding; and (4) the party to be estopped must have acted intentionally, not inadvertently.

*Havird Oil Co. v. Marathon Oil Co.*, 149 F.3d 283, 292 (4th Cir. 1998). Courts in this District have applied judicial estoppel to debtors who failed to schedule a potential claim in bankruptcy proceedings and later asserted that claim in another judicial proceeding. *See Calafiore v. Werner Enters., Inc.*, 418 F. Supp. 2d 795, 797-99 (D. Md. 2006); *In re USinternetworking, Inc.*, 310 B.R. 274, 281-85 (Bankr. D. Md. 2004).

Federal bankruptcy law requires debtors to file a "schedule of assets" with the initial petition or within 15 days after filing the petition. 11 U.S.C. § 521(a)(1)(B)(i) (2000); Fed. R. Bankr. P. 1007(c). Official Form 6 for Schedule B is the personal property schedule, and requires debtors to list "all personal property of the debtor of whatever kind." Property in a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11

4

U.S.C. § 541(a)(1).  Causes of actions that could be brought prepetition by debtors are property of the estate, and debtors are obligated to disclose such claims for the duration of the bankruptcy proceeding.  *In re USinternetworking*, 310 B.R. at 281-82.

Defendants contend that the Court should extend the reasoning of the *Calafiore* court, and grant summary judgment on all of Herman's claims.  In *Calafiore*, the plaintiff was involved in a traffic accident with the defendants in October 2001.  *Calafiore*, 418 F. Supp. 2d at 796.  In December 2003, the plaintiff and his wife filed a voluntary petition for Chapter 7 bankruptcy.  *Id.*  The plaintiff mentioned the possibility of suit against the defendants to his bankruptcy attorney, but only listed a $10,000 workers' compensation claim in his schedule of assets and not the cause of action.  *Id.*  The same day that the plaintiff and his wife were discharged from bankruptcy, March 22, 2004, the plaintiff signed a complaint against the defendants for negligence.  *Id.* at 797.

The *Calafiore* court denied the defendants' motion for summary judgment, but determined that the plaintiff was judicially estopped from pursuing damages that would not be exempt under state law from inclusion in the bankruptcy estate.  *Id.* at 799-800.  The court therefore focused on the intent prong of the judicial estoppel test, as it was clear that the

plaintiff's failure to include the prepetition cause of action in his bankruptcy filing was inconsistent with his later suit on that claim. *Id.* at 797-98. Thus, to the extent that the plaintiff claimed any nonexempt damages in his negligence suit, the *Calafiore* court determined that he acted intentionally in taking inconsistent positions in his bankruptcy proceeding. *Id.* at 798-99.

*Calafiore* is distinguishable from this case. In *Calafiore*, the plaintiff knew of the potential cause of action for over two years before filing his voluntary bankruptcy petition. *Calafiore*, 418 F. Supp. 2d at 796. The court reasonably interpreted the plaintiff's prepetition knowledge of the claim and postpetition failure to disclose the cause of action in his asset schedule as an inconsistent position. Herman, however, had no prepetition knowledge of the cause of action. It was not until May 18, 2005--nearly one month after Herman filed his bankruptcy petition--that any potential cause of action against Defendants accrued. Indeed, Defendants have not pointed to any case where a debtor was compelled to include a postpetition cause of action in a schedule of assets related to the debtor's assets as of the commencement of the bankruptcy proceedings.

Courts have determined that debtors were obliged to disclose prepetition causes of action that were known by the debtor at the time of filing, *see, e.g.*, *In re Coastal Plains, Inc.*, 179 F.3d

6

197, 208 (5th Cir. 1999), or settlement of prepetition claims during the pendency of a bankruptcy filing, *see, e.g.*, *In re Clark*, 274 B.R. 127, 132 (Bankr. W.D. Pa. 2002).  But Chapter 7 debtors are not required to modify asset schedules or inform their creditors or trustee of any postpetition causes of action that are unrelated to the bankruptcy.  The only postpetition property that a debtor must disclose are bequests and inheritances, marital settlements, or insurance policy benefits acquired within 180 days of filing.  *See* 11 U.S.C. 541(a)(5).[1]  Thus, when Herman testified at the creditors meeting that his schedules were accurate, he did not mislead the trustee or creditors about the status of a potential cause of action against Defendants.

Defendants also emphasize Herman's failure to include a $1,500 workers' compensation settlement in his Statement of Financial Affairs.  Official Form 7 for the Statement of Financial Affairs requires, *inter alia*, a debtor to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of

---

[1] Although 11 U.S.C. § 541(a)(7) provides that the debtor's estate includes "[a]ny interest in property that the estate acquires after the commencement of the case," courts have interpreted the phrase to relate to postpetition property that "the estate collects or perfects post-petition," and not to causes of action that accrue postpetition and are not related to the bankruptcy.  *See In re Hanley*, 305 B.R. 84, 87 (Bankr. M.D. Fla. 2003).

7

this bankruptcy case." Herman's workers' compensation claim settled on or about April 28, 2004--less than one year before he filed his bankruptcy petition on April 19, 2005. Thus, Herman should have included the settlement amount in his Statement of Financial Affairs. Herman argues that this omission was inadvertent. Regardless of Herman's intent, the omission is not related to this case. In *Calafiore*, the plaintiff's $10,000 workers' compensation claim was relevant to the consideration of judicial estoppel because he also failed to include a potential cause of action against the defendants. *Calafiore*, 418 F. Supp. 2d at 296. There was therefore at least some notice to the defendants of the plaintiff's personal injury claim. In contrast, Herman's settlement of his workers' compensation claim occurred almost one year before his cause of action against Defendants even accrued. There is no relationship between Herman's prior settlement and judicial estoppel of his postpetition personal injury cause of action. As Defendants have not demonstrated that Herman took an inconsistent position at his bankruptcy proceeding, judicial estoppel does not apply to his pending negligence suit. Accordingly, Defendants' motion for summary judgment will be denied.

III. Conclusion

    For the reasons discussed above, Defendants' motion to consolidate will be granted and Defendants' motion for summary judgment will be denied.

<u>November 20, 2007</u>                    <u>      /s/            </u>
Date                                 William D. Quarles, Jr.
                                     United States District Judge